# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DAVID COLEMAN,

        Plaintiff,

                                        CASE NO. 8:05-CV-930-T-17-TBM

    v.

LAZY DAYS RV CENTER, INC.,

        Defendant.

_____/

## ORDER

      This cause is before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, filed on December 13, 2005 (Docket No. 26).  Plaintiff filed a response in opposition to Defendant's Motion on December 19, 2005 (Docket No. 27).

## BACKGROUND

      Plaintiff, David Coleman ("Coleman"), is a resident of the Commonwealth of Pennsylvania.  Defendant, Lazy Days RV Center, Inc. ("Lazy Days"), is a Florida corporation authorized to conduct business in Florida, and maintains its principal place of business at 6130 Lazy Days Boulevard in Seffner, Florida.  This case was originally filed in the United States District Court for the Middle District of Pennsylvania.  Lazy Days challenged both jurisdiction and venue in the Middle District of Pennsylvania.  While asserting that Court's jurisdiction over this controversy, U.S. District Judge James M. Munley of the Middle District of Pennsylvania transferred the case at bar to the United States District Court for the Middle District of Florida in an order entered on May 6, 2005.

      This Court takes jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.  Venue is appropriate in this District under 28 U.S.C. § 1391 because Lazy Days in subject to personal jurisdiction in the Middle District of Florida, and because the parties executed a valid

1

CASE NO: 8:05-CV-930-T-17-TBM

forum selection clause designating this District as their choice of venue.  The following facts are taken as true for purposes of resolving the pending motion.

On December 22, 2003, Coleman purchased from Lazy Days a recreational vehicle identified in Coleman's complaint as a 1990 Prevost Liberty Bus with the following designated Vehicle Identification Number: 2P9M33400K1001912.  The sale was the product of negotiations between Coleman and representatives of Lazy Days that involved Lazy Days forwarding to Coleman a video about this particular make and model of vehicle.  The video represented that the vehicle was in mint condition with low mileage.  On the day of sale, Lazy Days issued to Coleman an Odometer Disclosure Statement stating that the cumulative mileage for the vehicle was 66,069.  Coleman signed the sales contract and paid Lazy Days $142,014.56 for the vehicle, including $8,038.56 paid as sales tax.

Subsequent to the sale, Coleman had the recreational vehicle inspected by an authorized Pennsylvania inspection station.  The inspection revealed that the vehicle was in poor condition and needed mechanical work.  The inspector also concluded that the vehicle had been driven well in excess of the 66,069 miles stated in the Disclosure Statement.  After receiving the results of the inspection, Coleman investigated the vehicle further and discovered that a prior owner had reported an odometer reading of 82,000 in March 1993, approximately ten years prior to Lazy Days' sale to Coleman.

Coleman initiated the present lawsuit alleging that Lazy Days misrepresented the actual odometer reading and caused the odometer to be tampered with so as to defraud Coleman.  Coleman bases his suit on the federal mandatory odometer disclosure law and civil penalties contained within 49 U.S.C. §§ 32701-32710.  Lazy Days moves to dismiss Coleman's complaint pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

<u>STANDARD OF REVIEW</u>

Rule 12(b)(6), FED. R. CIV. P., authorizes a court to dismiss a complaint on the basis of a dispositive issue of law.  *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991).  A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the proponent can prove no set of facts that support a claim upon which relief can be

2

CASE NO: 8:05-CV-930-T-17-TBM

given. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For the purposes of a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept as true all facts alleged by the plaintiff. *St. Joseph's Hospital, Inc. v. Hospital Corp. of America*, 795 F.2d 948, 954 (11th Cir. 1986). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

<u>DISCUSSION</u>

The federal mandatory odometer disclosure law is codified in 49 U.S.C. §§ 32701 – 32710. The law requires disclosure of an accurate odometer statement to a purchaser under certain conditions. 49 U.S.C. § 32705. It provides severe civil monetary penalties for violations, including up to treble damages. 49 U.S.C. § 32710. The Secretary of Transportation has promulgated federal regulations exempting from mandatory disclosure certain classifications of vehicles. 49 C.F.R. § 580.17. The validity and application of these exemptions are now at issue.

**I.  Validity of the Regulatory Exemption to Mandatory Odometer Disclosure**

The parties are unable to identify, and the Court is unable to locate, any controlling authority in the Eleventh Circuit for determination of the validity of the exemption authority in 49 U.S.C. § 32705 and the corresponding regulation promulgated by the Secretary of Transportation in 49 C.F.R. § 580.17. Therefore, the Court is left to consider case law from other federal circuits and district courts which may indicate the proper treatment of these provisions of federal law.

A review of the relevant case law reveals a very similar case decided in 1998 by the United States Court of Appeals for the Tenth Circuit. In *Suiter v. Mitchell Motor Coach Sales, Inc.*, a Florida recreational vehicle retailer was sued by a consumer after the consumer purchased a motor coach from the retailer. 151 F.3d 1275, 1278 (10th Cir. 1998). The defendant retailer had agreed to sell the vehicle on a consignment basis on behalf of the owners. *Id.* The owners provided to the defendant an odometer statement certifying 46,520 miles, and the defendant subsequently executed at the sale another odometer statement certifying the same. *Id.* Several years earlier and in response to a failure in the speedometer and odometer of the motor coach,

3

CASE NO: 8:05-CV-930-T-17-TBM

the owners had new equipment installed in the vehicle. *Id*. Prior to the replacement, the old odometer showed 42,000 miles. *Id*. The new odometer registered zero miles after installation. *Id*. The plaintiff filed suit seeking damages under 49 U.S.C. § 32710 and alleging that the defendant had intentionally defrauded the plaintiff out of the vehicle's sale price, $150,000.00, by selling the motor coach and issuing an incorrect odometer statement. *Id*. The defendant alleged that it was exempt from the odometer disclosure requirements under the rules issued by the Secretary of Transportation. *Id*. at 1280. The district court denied the defendant's motion for summary judgment, and granted the plaintiff's motion for summary judgment. *Id*. at 1278-1279. The appellate court affirmed and held that the exemptions were invalid because the Secretary of Transportation lacked the requisite authority to issue them under federal law. *Id*. at 1281.

Courts across the nation have raised serious questions regarding the validity of the exemptions promulgated by the Secretary of Transportation. Even the 1997 Appropriations Act, Pub. L. 104-205, Sec. 332 (1996), which contained a provision that references the exemption power of the Secretary, does not directly address or reverse decisions by federal courts in holding this exemption provision invalid. In considering Lazy Days' motion to dismiss, the Court must carefully consider all of the case law across the United States that have held one or more sections of 49 C.F.R. § 580.17 invalid. See *Suiter*, 151 F.3d 1275 (10th Cir. 1998), *Lee v. Gallup Auto Sales, Inc.*, 135 F.3d 1359 (10th Cir. 1998), *Orca Bay Seafoods v. Northwest Truck Sales, Inc.*, 32 F.3d 433 (9th Cir. 1994), *Dierson v. Chicago Car Exchange*, 110 F.3d 481 (7th Cir. 1997), *cert. denied*, 522 U.S. 868, 118 S.Ct. 178 (1997). These decisions interpreted the language of 49 U.S.C. § 32705(a), specifically allowing the Secretary of Transportation to prescribe regulations in the way that odometer information is disclosed, as not explicitly authorizing the Secretary to exempt certain classes of motor vehicles from the disclosure requirements.

On June 9, 1998, President Bill Clinton signed into law Pub. L. 105-178 (1998), more commonly known as the Transportation Equity Act for the 21st Century ("Transportation Equity Act"). Among other things, this Act amended 49 U.S.C. § 32705(a) to add a subsection (5),

4

CASE NO: 8:05-CV-930-T-17-TBM

which provides, in pertinent part, that "[t]he Secretary may exempt such classes or categories of vehicles as the Secretary deems appropriate from these requirements." Pub. L. 105-178. This change in the law evinces Congress' clear intent to provide statutory authority to the Secretary to make odometer disclosure exemptions for certain classes of vehicles.

The circuit court decisions mentioned previously and relied upon by Coleman to attack the validity of the exemptions involved cases arising prior to the enactment of the Transportation Equity Act. However, the sale between Lazy Days and Coleman occurred well after the Transportation Equity Act became law. Therefore, the exemptions for certain large vehicles, promulgated by the Secretary pursuant to 49 U.S.C. § 32705(a)(5), are valid. Moreover, this vehicle meets the regulatory requirement for an exemption under 49 C.F.R. § 580.17(a)(3), and as such, it qualifies for an exemption to the mandatory disclosure law.

## II. Waiver of the Exemption by Lazy Days' Actual Disclosure Statement

Because the Court has determined that the exemption provisions of 49 C.F.R. § 580.17 are a valid exercise of power by the Secretary of Transportation under 49 U.S.C. § 32705(a)(5), the Court must now consider the effect, if any, of Lazy Days' actual odometer disclosure. On several occasions, through an Odometer Disclosure Statement and a subsequent Buyer's Order, Lazy Days represented to Coleman that the recreational vehicle had 66,069 miles.

While the *Suiter* court ultimately found the Secretary's exemptions to the disclosure law invalid, the court did consider in dicta the role that the defendant's actual disclosure played in the case. In footnote 8 to its opinion, 151 F.3d at 1281, the *Suiter* court notes that it could not find any reliance on the exemption by the seller as illustrated by the seller's voluntary disclosure of a false odometer statement. *Id*. at 1281. Similarly, because of Lazy Days' willingness to provide an odometer reading to Coleman on several occasions, it is difficult for this Court to find that Lazy Days even relied upon the protections of the statutory exemption.[1]

---

[1]The Court takes note of a similar finding by the Supreme Court of Arkansas in *Smith v. Walt Bennett Ford, Inc.*, 864 S.W.2d 817 (Ark. 1993). In *Smith*, the court wrote that "[the dealer] clearly waived any exemption when it issued the disclosure statement in this case," and that "if [the dealer] was not required to issue the odometer statement, it could not voluntarily do so and then claim it was not bound by its voluntary actions." *Id*. at 613-614.

CASE NO: 8:05-CV-930-T-17-TBM

Even though it had no legal obligation to disclose an odometer reading to Coleman, Lazy Days did so.  It seems clear to the Court that while the statutory exemption contained in 49 C.F.R. § 580.17 does not mandate that sellers of certain vehicles provide odometer disclosure statements to purchasers, when a seller does nevertheless voluntarily disclose, the statement must be accurate and truthful.  Lazy Days has not met its burden under FED. R. CIV. P. 12(b)(6) to show that Coleman has failed to state a claim upon which relief may be granted.  Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Docket No. 26) is hereby **DENIED**.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 31st day of March, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All Parties and Counsel of Record

6