**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DAVID COLEMAN,

    Plaintiff,

vs.                                      Case No.: 8:05-CV-00930-T-17TBM

LAZY DAYS RV CENTER, INC.

    Defendant.
_____/

**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION AND
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This cause comes before the Court pursuant to Plaintiff, David Coleman's, Motion for Reconsideration, filed on November 9, 2006 (Dkt. 58) and Defendant, Lazy Days RV Center, Inc.'s, Response Opposing Plaintiff's Motion for Reconsideration, filed on November 16, 2006 (Dkt. 59). Additionally, this cause is before the Court on Defendant's Motion for Partial Summary Judgment, filed on October 16, 2006 (Dkt. 53), and Plaintiff's response thereto, filed on November 9, 2006 (Dkt. 58). For the reasons set forth below, Plaintiff's Motion for Reconsideration and Defendant's Motion for Partial Summary Judgment are both denied.

**BACKGROUND**

This Court has previously established the background facts of this case in the Order on Plaintiff's Motion for Partial Summary Judgment filed on July 28, 2006. (Dkt. 49). The Court re-adopts those facts today.

Further, this Court finds that Plaintiff is seeking Reconsideration, and Defendant is seeking Summary Judgment based on the Federal Odometer Act. (Dkt 53, Dkt. 58). This Court reasserts that in order for a civil plaintiff to recover damages under the Federal Odometer Act, s/he must prove (a) a violation of the act, (b) made with intent to defraud. 49 U.S.C. § 32710(a). The issue in dispute in both motions is whether there is a

genuine issue of material fact with regard to the requisite intent to defraud.

## STANDARD OF REVIEW

The proper standard of review for the Court when considering a motion to reconsider is set forth in *Prudential Securities, Inc. V. Emerson*, 919 F.Supp.415 (M.D. Fla. 1996).  The Court in Prudential held that, "[a] Court will not alter a prior decision absent a showing of clear and obvious error where 'the interests of justice' demand correction."  Id. at 417 (quoting *American Home Assurance Co. V. Glenn Estess & Assoc., Inc*., 763 F.2d 1237, 1239 (11th Cir. 1985).  Furthermore, the Court held that motions for reconsideration "should not be used to raise arguments which could, and should have been made" previously.  *Prudential*, 919 F.Supp. At 417.

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affadavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party bears the burden of proving that no genuine issue of material fact exists.  *Celotex Corp. V. Catrett*, 477 U.S. 317, 322-324 (1986).  A material fact is one that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  There is no genuine issue of material fact if "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party..." *Matsushita Elec. Indus. Co. V. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The evidence presented must be construed in favor of the non-moving party, and that party must receive the benefit of all favorable inferences that can be drawn from that party's evidence.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  The Court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 249.

**DISCUSSION**

This Court has considered the Plaintiff's Motion for Reconsideration and the Defendant's Motion for Partial Summary Judgment together because the issues are intertwined, as both concern whether there is a genuine issue of material fact regarding the requisite intent to defraud necessary to recover under the Federal Odometer Act.

Defendant correctly asserts that in determining the intent to defraud that actual knowledge is not necessary to ascertain if the requisite intent has been met. (Dkt. 53). Essentially, "if a transferor reasonably should have known that a vehicle's odometer reading was incorrect, although he did not know to a certainty the transferee would be defrauded, a court may infer that he understood the risk of such an occurence." *Nieto v. Pence*, 578 F.2d 640, 642 (5th Cir. 1978). This Court previously established that it will not find voluntary disclosure of the odometer reading inherently indicative of an intent to defraud a buyer absent evidence that demonstrates constructive knowledge, recklessness or gross negligence on the part of the seller. (Dkt. 49).

However, this Court reasserts that the disclosure is a consideration, and that the disclosure statement must be accurate and truthful. (Dkt. 49). Plaintiff itself said it did not have title documents in its possession at the time of the sale. (Dkt. 53). Additionally, Defendant did not research the title until after the sale of the vehicle, and that research was done pursuant to a request by Plaintiff. (Dkt. 53).

In this case, however, there is more than a voluntary odometer disclosure. Although Plaintiff could not convince this Court that Summary Judgment should be ordered in its favor, the Court did discover there is a genuine issue of material fact as to whether Defendant wrongfully withheld the certificate of title from Plaintiff in an effort to misrepresent the actual mileage of the vehicle. (Dkt. 49). This Court does not see how this has changed since it denied Plaintiff's Motion for Summary Judgment. The record is riddled with contradictions regarding the Certificate of Title, and this Court recognizes a genuine issue of material fact continues to exist with whether Defendant wrongfully

withheld this document with an intent to defraud.

Further, in asserting there was no intention to defraud with regard to the odometer readings, Defendant relies on *Pepp v. Superior Pontiac*, 412 F. Supp. 1053 (E.D. La. 1976). (Dkt. 53).  In that case, summary judgment was granted in favor of the automobile dealership under very similar circumstances. *Pepp*, 412 F. Supp. 1053.  However, in that case the dealership had no reason to suspect the vehicle's odometer was incorrect, as it was normal for a car of that age to posses the low mileage that it did. *Id.* at 1054.  But in this case, Defendant cited another case which persuades this Court that the low mileage of the vehicle in this current case may have given Defendant "occasion to wonder" the odometer was incorrect. *Moss v. Farr Motor Co.*, 1996 U.S. App. Lexis 12165 (6th Cir. 1996).

Finally, in *Pepp*, if summary judgment hadn't been granted then the case would have have gone to a non-jury trial and it would have been the same court considering the motions. *Pepp*, 412 F. Supp. 1056.  By denying summary judgment in the case before this Court, the issue will be properly submitted to the fact-finder.

Further, the very case Defendant relies upon reestablishes that "summary judgment should not usually be granted on issues of intent." *Id.* at 1056.

When the determination of the case rests on which competing version of the facts or events is true, the case should be submitted to the trier of fact. *Rollins v. TechSouth*, Inc., 833 F.2d 1525, 1532 (11th Cir. 1987).  Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree on the factual inferences that should be drawn from the facts. *Warrior Tombigbee Transportation Company v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). The issue of whether the Defendant in this case intended to defraud Plaintiff goes to the very crux of the standard of review in summary judgment cases, for there is a genuine issue of material fact, as indicated by the arguments of both parties.  This issue should be submitted to the fact-finder.  Accordingly, it is

**ORDERED** that the Plaintiff's Motion to Reconsideration (Dkt. ) and Defendant's Motion for Partial Summary Judgment (Dkt. ) be **DENIED**.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 12th day of July, 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:  All parties and counsel of record