**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DAVID COLEMAN,**

**Plaintiff,**

**vs.** **CASE NO: 8:05-CIV-930-T-17TBM**

**LAZY DAYS RV CENTER, INC.,**

**Defendant.**

**________________________________________/**

**ORDER ON DEFENDANT'S RENEWED MOTION TO STRIKE DEMAND FOR JURY TRIAL**

This cause comes before the Court on a motion filed by the Defendant, Lazy Days RV Center, Inc. Defendant filed a Renewed Motion to Strike Plaintiff's Demand for Jury Trial and Supporting Memorandum of Law (Docket. No. 64), to which Plaintiff response filed a Memorandum of Law in Opposition to Defendant's Motion to Strike Demand for Jury Trial (Docket. No. 66).

## I. BACKGROUND

David Coleman ("Plaintiff") brought this action against Lazy Days RV Center, Inc, ("Defendant") seeking a Demand for Jury Trial.

In December 2003, Plaintiff purchased a motor home from Defendant, Lazy Days RV Center, Inc., under the terms and conditions contained in the Manufacturer's Suggested Retail Price Invoice and the Lazy Days Buyers Orders ("the Buyers Orders").

The Buyer's Orders contained a provision which stated "**WAIVER OF JURY TRIAL. I AGREE THAT ANY AND ALL ACTIONS OF ANY KIND RELATING TO THE ITEM(S) SOLD WILL BE DECIDED BY A CIRCUIT COURT JUDGE RATHER THAN A JURY."** Plaintiff and Defendant, Lazy Days RV Center, Inc., both signed the agreement containing this provision.

Plaintiff's complaint did not address the Buyer's Order provision in any manner. Now, Plaintiff claims that the renewed motion to strike a demand for jury trial is misleading, as it is the first time that Defendant has challenged the Plaintiff's right to a jury trial based on a contractual waiver. Plaintiff also claims that the Defendant knowingly delayed the motion to strike. The jury trial was also set by way of a joint case management report, a final pre-trial conference and trial by jury date, with the defendant only reserving the right to object to a jury trial with regard to any statutory claims where a jury trial is not provided for in the statute. The case management report carried both party's signatures on the case management report.

## II. ANALYSIS

Plaintiff's complaint included a demand for a jury trial on all issues so triable and all of his statutory and common law claims are triable by a jury a matter that is unchallenged by the Defendant. (Docket No. 66). Defendant moved to strike Plaintiff's demand for jury trial and argue that: (1) Plaintiff has no right to a jury trial, because his claims are equitable and statutory, as opposed to legal in nature; and (2) even if Plaintiff has a right to a jury trial, he knowingly and voluntarily waived that right when he signed the Buyers Orders. Plaintiff responds that his claims are legal in nature and he is,

therefore, entitled to a jury trial, and that the right to a jury trial was not waived because Defendant's own action's constituted a waiver of a contractual agreement. Furthermore, Plaintiff argues that both parties agreed they would be ready for a final pretrial conference and for trial with a jury on or after July 31 2006. The defendant only reserved the right to object to a jury trial with regard to any statutory claims where the jury trial is not provided for in the statute. (Docket No. 11). (emphasis added).

**A: Whether the Plaintiff has a Right to a Jury Trial**

**"**The issue of whether an individual has a right to a jury trial is a matter of federal law." *Simler v. Conner,* 372 U.S. 221, 222 (1963). The first thing the Court should consider when evaluating whether a jury trial should be granted is "the nature of the issues involved and the remedy sought." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 565 (1990*).* To achieve this, the court must: (1) "compare the statutory action to 18th century actions brought in the courts of England prior to the merger of the courts of law and equity[;]" and (2) "examine the remedy sought and determine whether it is legal or equitable in nature." *Tull v U.S.*, 481 U.S. 412, 417-418 (1987). "[C]characterizing the relief sought is more important than finding a precisely analogous common law action…" *Id.* at 421 (quotations omitted).

The Court finds that the relief sought has not been equitable in nature, but, rather, legal, as it was a contractual agreement between parties. Therefore, for this reason, Plaintiff does have a right to a jury trial on this claim.

**B: Whether Plaintiff Waived Right to Jury Trial**

Even if Plaintiff was entitled to a jury trial, that right was knowingly and voluntarily waived when Plaintiff signed the Buyers Orders. The Buyers Orders

contained a provision stating that "all actions of any kind relating to items sold will be decided by a circuit court judge, rather than a jury." (Docket No. 64). Defendant argues that the Plaintiff waived his right to a jury trial by signing the contract containing this provision. Courts have found that a waiver of the right to a jury trial is enforceable under both Federal and Florida law. *See Allyn v W. United Life Assur. Co.,*347 F. Supp.2d 1246, 1251 (D.Fla.2004); *See also Central Inv. Associates, Inc v. Leasing Service Corp.,* 362 So.2d 702, 704 (Fla.Dist.Ct.App.1978).

Plaintiff contends that the waiver is unenforceable because the contractual provision at issue here can be waived by a party as a result of their own actions. "A party's contract right may be waived by…taking action inconsistent with that right." (Docket No. 66). The Defendant has cited no reason why it did not challenge the Plaintiff's Demand for Jury Trial from the very beginning.

The Court is in agreement with the Plaintiff's position on this issue. The defendant waited more than two years from the date this case was originally filed, it was designated a jury trial case upon filing, before attaching the jury trial designation. The defendant agreed to a jury trial in the Case Management Report by a way of signature, except for a statutory prohibition which is not argued or at issue here.

## **III. CONCLUSION**

For the reasons stated above, this Court finds that Plaintiff's claim is legal in nature, and the Plaintiff therefore has a right to a jury trial for his claim. In addition, Plaintiff has a right to a jury trial because the Buyers Orders is unenforceable based on a waiver resulting from Defendant's own actions. Accordingly, it is

**ORDERED** that the Defendants' Motion to Strike Plaintiffs' Demand for Jury Trial, (Docket No. 64) be DENIED.

**DONE AND ORDERED** in Chambers in Tampa, Florida, this 12th day of September 2007.




Copies to: All parties and counsel of record